UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TONY LAMAR CARD, | CASE NO. 3:24-cv-05911-JNW |
| Plaintiff, | ORDER |
| v. | |
| RAVI SUBRAMANIAN, | |
| Defendant. | |

## 1. INTRODUCTION

As Plaintiff Tony Card is proceeding in forma pauperis ("IFP"), the Court screens his complaint under 28 U.S.C. § 1915(e) ("Section 1915"). For the reasons below, the complaint must be dismissed. Even so, given that Card is pro se, the Court will offer him an opportunity to amend his complaint rather than dismiss his case now.

## 2. DISCUSSION

As a preliminary matter, the Court takes judicial notice of the fact that Defendant Ravi Subramanian is the Clerk of the Court in the United States District Court for the Western District of Washington. Fed. R. Evid. 201(b), (c)(1), (d). (The

**ORDER** - 1

district court may take judicial notice at any time, of a "fact that is not subject to reasonable dispute" either because it "is generally known within the trial court's territorial jurisdiction," or because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

**2.1    The complaint fails to state a claim.**

When a plaintiff proceeds IFP, the district court must dismiss the action if the court determines that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The legal standard for failure to state a claim in this context parallels that of Federal Rule of Civil Procedure 12(b)(6). *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Barren v. Harrington*, 152 F.2d 1193, 1194 (9th Cir. 1998)). Thus, the court must dismiss the complaint if it fails to state factual allegations that—when accepted as true—support a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is plausible on its face "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In addition, because Card is pro se, the Court must construe his complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

Even construing the complaint liberally, Card's allegations are too vague and conclusory to state a plausible claim for relief. The complaint is devoid of well-pleaded factual allegations and instead contains mostly perplexing legal conclusions and unsupported demands for relief.

**ORDER** - 2

Notably, the complaint cites inapplicable law that cannot provide Card with a claim for relief here. For instance, Card cites 18 U.S.C. § 242, but this is a criminal statute that does not provide Card with a civil cause of action. *See Figueroa v. Clark*, 810 F. Supp. 613, 615 (E.D. Penn. 1992). Card cannot base a civil claim on this statute, nor may he try to bring criminal charges through a private lawsuit. *Id.* (finding private claims brought under 18 U.S.C. §§ 241–42 frivolous); *see also Williams v. Bronx Cty. Child Support Customer Serv. Unit*, 741 F. App'x 854 (2d Cir. 2018); *Storm-Eggink v. Gottfried*, 409 Fed. App'x. 426, 427, (2d Cir. 2011) (no private right of action under § 242); *Kloth-Zanard v. Bank of Am.*, No. 15-CV-1208, 2017 WL 4429694, at *4 (D. Conn. Oct. 5, 2017) (no private right of action under 18 U.S.C. §§ 242, 471–74).

Next, Card cites 18 U.S.C. § 912, apparently attempting to hold Subramanian criminally liable for impersonating the Clerk of the Court. But again, this criminal statute does not provide a private cause of action. *See Fullerton v. Monongahela Connecting R. Co.*, 242 F.Supp. 622, 625 (W.D. Penn. 1965); *Martin Piotr Nowak v. JPMorgan Chase Bank, N.A.*, 2023 WL 5952055, at *3 (E.D.N.Y. Aug. 9, 2023) (citing *Frison v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003)). The claim also fails from the outset because Subramanian *is* the Clerk of the Court. *See supra.*

Next, Card alleges a violation of 18 U.S.C. § 1018—yet another criminal statute that provides no private cause of action. *See Castaneda v. Cnty. of San Bernadino*, 2024 WL 4224000, at *11 (C.D. Cal. April 10, 2024) (*citing Rice v. City & Cty. of S.F.*, 2019 WL 11753722 at *8 n.61 (N.D. Cal. Oct. 19, 2019)

**ORDER** - 3

(18 U.S.C. §§ 1001 and 1018 did not create a private cause of action)). Thus, Card does not have a plausible claim for relief under this statute either.

Further, the complaint suggests that Subramanian is liable for some sort of deprivation of civil rights under "color of law." Dkt. No. 5 at 5. It is unclear whether Card attempts to proceed under 28 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). To the extent that it is the former, his claim fails at the outset because federal employees, like the Clerk of the Court, "are not proper defendants in a § 1983 [civil rights] action." *Peck v. Dorsey*, Case No. 2:19-cv-01023-SAB, 2019 WL 6499109, at *2 (D. Nev. Dec. 3, 2019) (citing *Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995)).

Finally, as discussed more below, Card's citations to various executive orders are completely immaterial to any cause of action he may have.

### 2.2  Card's complaint improperly seeks monetary relief from an immune defendant.

The Court also must dismiss an IFP complaint if it alleges a claim for damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(iii). Here, Card has sued the Clerk of the Court, who has "absolute quasi-judicial immunity from damages for civil rights violations when [he] perform[s] tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) (citing illustrative cases). The complaint's limited, vague allegations suggest that Card is suing the Clerk of the Court for actions taken in his official capacity—primarily the routine handling of court documents. *See* Dkt. No. 5 at 5. Thus, the Complaint is also defective because it improperly

**ORDER** - 4

asserts a claim for damages against a defendant with absolute quasi-judicial immunity for the actions that appear to be at issue.

**2.3    Card's claims are frivolous and malicious.**

Section 1915 also requires the Court to dismiss frivolous and malicious actions. 28 U.S.C. § 1915(e)(2)(B)(i); *see also Yacoub v. United States*, No. C07-1415RSM, 2007 WL 2745386, at *1 (W.D. Wash. Sept. 20, 2007). A complaint is frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "Dismissal is appropriate when the facts alleged are 'clearly baseless,' 'fanciful,' 'fantastic,' and/or 'delusional.'" *Yacoub*, 2007 WL 2745386, at *1 (quoting *Neitzke*, U.S. at 325).

Based on the Court's understanding of his allegations, Card appears to claim that the Clerk of the Court is an imposter who has engaged in criminal activity and treason. And by referencing EO 13823, Card seems to suggest that the Clerk should be imprisoned in Guantanamo Bay. The Court's inferences here are bolstered by the fact that Card recently threatened various officials in a separate case, alleging treason and discussing violent retribution. *See* Dkt. No. 8 at 3 in Case No. 3:24-cv-05837-TL (filed by Card on Oct. 18, 2024) (stating certain judges will be dragged out of their homes and sent to the gallows). Thus, the Court finds that Card included these allegations in his complaint for the improper purpose of intimidating and

harassing the Clerk of the Court. Similarly, the Court finds that these claims are fanciful, frivolous, and baseless.

### 3. CONCLUSION

Pursuant to Section 1915, the Court cannot allow this case to proceed under the operative complaint. Given the serious problems with Card's complaint, the Court finds it highly unlikely that Card will be able to successfully amend it. However, because courts must grant leave to amend liberally to pro se plaintiffs, *see Flowers v. First Hawaiian Bank*, 295 F.3d 966, 946 (9th Cir. 2002), the Court will allow Card one opportunity to attempt to state a viable claim.

Accordingly, the Court ORDERS:

- Card may file an amended complaint that cures the defects outlined above. The amended complaint will serve as a complete substitute for the first complaint, and thus it must not reference, incorporate, or cite to the first complaint.

- The deadline to file an amended complaint is January 6, 2025.

- Failure to file an amended complaint by the deadline will result in dismissal of this action with prejudice.

- If Card files an amended complaint that includes the same frivolous and malicious allegations identified above, the Court will order him to show cause why he should not be sanctioned under Rule 11.

Dated this 4th day of December, 2024.

_____
Jamal N. Whitehead
United States District Judge

**ORDER** - 7